[Cite as *State v. Kurtz*, 2023-Ohio-3682.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 22AP0046 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN KURTZ | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2022 TR-D 004782 |

DECISION AND JOURNAL ENTRY

Dated: October 10, 2023

CARR, Judge.

{¶1} Appellant, Melvin Kurtz, appeals the judgment of the Wayne County Municipal Court. This Court reverses and remands.

I.

{¶2} On the morning of July 1, 2022, an Ohio State Trooper initiated a stop of Kurtz' vehicle on U.S. Route 30 in Congress Township. Kurtz was charged with speeding in violation of R.C. 4511.21(D)(1). Kurtz pleaded not guilty to the charge and the matter proceeded to a bench trial where Kurtz elected to represent himself. The trial court found Kurtz guilty and imposed a $150 fine and assessed two points to his license.

{¶3} On appeal, Kurtz raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT'S FINDING THAT THE APPELLANT WAS SPEEDING [WAS] NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶4}    In his first assignment of error, Kurtz maintains that his speeding conviction was not supported by sufficient evidence.  Specifically, Kurtz argues that the State failed to establish that the speed limit was 55 miles per hour in the area where he was stopped.  This Court agrees.

{¶5}    When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction.  *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶6}    Kurtz was convicted of speeding in violation of R.C. 4511.21(D)(1).  R.C. 4511.21(D) states as follows:

> No person shall operate a motor vehicle[] * * * upon a street or highway as follows:
>
> (1) At a speed exceeding fifty-five miles per hour, except upon a two-lane state route as provided in division (B)(10) of this section and upon a highway, expressway, or freeway as provided in divisions (B)(12), (13), (14), and (16) of this section;
>
> (2) At a speed exceeding sixty miles per hour upon a two-lane state route as provided in division (B)(10) of this section and upon a highway as provided in division (B)(12) of this section;
>
> (3) At a speed exceeding sixty-five miles per hour upon an expressway as provided in division (B)(13) or upon a freeway as provided in division (B)(16) of this section, except upon a freeway as provided in division (B)(14) of this section;
>
> (4) At a speed exceeding seventy miles per hour upon a freeway as provided in division (B)(14) of this section;
>
> (5) At a speed exceeding the posted speed limit upon a highway, expressway, or freeway for which the director has determined and declared a speed limit pursuant to division (I)(2) or (L)(2) of this section.

{¶7}    At trial, the State presented the following evidence regarding the traffic stop.  On the morning of July 1, 2022, Trooper Jeffery Harris was on patrol in Congress Township when he noticed a vehicle that he thought was speeding on U.S. Route 30.  Trooper Harris estimated that the vehicle was traveling approximately 70 miles per hour in what he understood to be a 55 miles-per-hour zone.  Trooper Harris utilized a laser speed detector that indicated the vehicle, which was driven by Kurtz, was travelling 71 miles per hour.  Trooper Harris initiated the traffic stop around Mile Post 12 and issued a citation for speeding.

{¶8}    Near the end of direct examination, Trooper Harris was asked if he knew the speed limit in the area where he initiated the stop.  Trooper Harris responded that it was 55 miles per hour.  On cross-examination, Kurtz, who was representing himself, inquired of Trooper Harris whether there was "a 55 mile an hour sign posted east of Madison?"  Trooper Harris responded in the negative.  When the trial court sought clarification, Trooper Harris explained that there was not a sign denoting the speed limit of 55 miles per hour in the area where he initiated the stop.  Kurtz then asked about the location of the closest speed limit sign to the area where he was stopped.  Trooper Harris explained that, well beyond the area of the stop, there was a bridge, and, after the bridge, there was a sign indicating that the speed limit was 70 miles per hour.[1]  On re-direct examination, Trooper Harris further testified that it was his understanding the default legal speed limit for a "county road" is 55 miles per hour when there are no signs posted.

{¶9}    Given the evidence presented at trial, this Court is compelled to sustain Kurtz' challenge to the sufficiency of the evidence.  The undisputed evidence presented at trial showed that there was not a sign denoting the speed limit in the area of U.S. Route 30 where Trooper Harris

---

[1] Although it is somewhat difficult to discern due to the nature of the exchange contained in the transcript, it appears that the speed limit sign posted after the bridge was the only sign located within a 15-mile stretch.

initiated a stop of Kurtz' vehicle. Furthermore, while there was some nebulous testimony regarding the posted speed limits on other portions of U.S. Route 30, the State did not present evidence from which to draw a conclusion as to how the portion of the roadway where Kurtz was stopped should be classified for the purposes of R.C. 4511.21(D)(1)-(4). For example, while Trooper Harris seemingly indicated that Kurtz was stopped on a "county road[,]" there was no discussion of how many lanes existed on that particular portion of the road. The evidence presented in this case, even when construed in the light most favorable to the State, was not sufficient to demonstrate that Kurtz violated R.C. 4511.21(D)(1).

{¶10} Kurtz' first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S FINDING THAT APPELLANT WAS SPEEDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} In his second assignment of error, Kurtz argues that his speeding conviction was against the weight of the evidence. In light of this Court's resolution of Kurtz' first assignment of error, this Court declines to address his second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶12} Kurtz' first assignment of error is sustained. This Court declines to address Kurtz' second assignment of error as it had been rendered moot. The judgment of the Wayne County Municipal Court is reversed and the cause remanded for further proceedings consistent with the decision.

Judgment reversed,
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTS.

APPEARANCES:

MELVIN KURTZ, pro se, Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and BRIANNA DIETRY, Assistant Prosecuting Attorney, for Appellee.